UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In the Matter of the Trusteeship
Created by JER CRE CDO 2005-1,
Limited and JER CRE CDO 2001-1,
LLC, Relating to the Issuance of Notes
In the Original Aggregate Principal
Amount of $300,575,000

**MEMORANDUM OF LAW & ORDER**
Civil File No. 12-2791(MJD/JSM)

_____

Andrew M. Luger and Erin Sindberg Porter, Greene Espel PLLP, Brian S. Fraser, Daniel L. Stein, and Grace C. Wen, Richards Kibbe & Orbe LLP, Counsel for Morgan Stanley & Co, LLC.

Ana Chilingarishvili, Clark T. Whitmore, James F. Killian, JoLynn M. Markison, and Martin S. Fallon, Maslon Edelman Borman & Brand, LLP, Counsel for U.S. Bank National Association.

_____

I.   INTRODUCTION

This matter is before the Court on Party In Interest Morgan Stanley & Co., LLC's Motion To Transfer Venue to the Southern District of New York. [Docket No. 9] This matter is also before the Court on Party In Interest Morgan Stanley & Co., LLC's Motion to Strike the Trustee's Memorandum, Docket Entry #20. [Docket No. 25] The Court heard oral argument on January 18, 2013. For the

1

reasons that follow, the Court grants Party In Interest Morgan Stanley & Co., LLC's motion to transfer venue, denies the motion to strike, and transfers this case to the United States District Court for the Southern District of New York.

## II. BACKGROUND

### A. Factual Background

#### 1. The Parties

Petitioner U.S. Bank National Association ("U.S. Bank") is a national banking association organized under the laws of the United States. (Luger Decl., Ex. E.) U.S. Bank's corporate trust headquarters are located in St. Paul, Minnesota. (Id.) U.S. Bank is the successor Trustee for the trusts at issue.

Party In Interest Morgan Stanley & Co., LLC ("Morgan Stanley") is a corporation incorporated in Delaware and has its principal place of business in New York, New York. (Id., Exs. F and G.)

#### 2. The November 10, 2005 Indenture

In October 2005, JER CRE CDO 2005-1, Limited as Issuer and JER CRE CDO2005-1, LLC as Co-Issuer (collectively "JER Co-Issuers") offered for sale classes of notes that were secured primarily by a pool of commercial mortgage-backed securities. (Luger Decl., Ex. A.) The Issuer, JER CRE CDO 2005-1,

Limited, is an exempted limited liability company incorporated in the Cayman Islands. (Id.) Its registered office is in the Cayman Islands. (Id.) The Co-Issuer, JER CRE CDO2005-1, LLC, is a limited liability company formed under the laws of the state of Delaware. (Id.)

The notes were issued pursuant to the November 10, 2005 Indenture. (Luger Decl., Ex. B.) The parties to the Indenture were the JER Co-Issuers and the Trustee, LaSalle National Bank Association. (Id.) At some time after the offering, U.S. Bank succeeded LaSalle as the Trustee. (Id., Ex. E.)

The JER Co-Issuers issued non-recourse notes in the original aggregate principal amount of $300,575,000. (Id., Ex. B.) The notes were issued in several classes that had different terms and different rates of interest and different priorities of repayment. (Id., Exs. B and E.) Morgan Stanley holds Class A Notes issued by the JER Co-Issuers. [Docket No. 1-1]

### 3. Indenture Language At Issue

The Indenture provides for two separate priorities of payments for the payment of principal and interest for each class of Notes. (Id., Exs. B and E.) The priority of payments depends on whether the indebtedness evidenced by the Notes has been accelerated. (Id., Exs. B and E.) If indebtedness has not been

accelerated, the payment of all principal and interest is due on higher-priority notes before any principal is paid on lower-priority notes (the "Non-Accelerated Priority of Payments"). (Id., Ex. B.) If indebtedness has been accelerated, no further payments of either principal or interest shall be paid to junior classes until all principal and interest owed to Class A notes have been paid in full (the "Accelerated Priority of Payments"). (Id.)

It is undisputed that a default event occurred under the Indenture. (Id., Exs. C and E.) In response, Morgan Stanley issued a Declaration of Acceleration of the indebtedness pursuant to the Indenture. (Id., Ex. E.)

The Trustee, U.S. Bank, determined that the Indenture required it to rescind the Declaration of Acceleration. (Id.) The Trustee also determined that rescission made the Non-Accelerated Priority of Payments applicable, instead of the Accelerated Priority of Payments. (Id.) This permits the Trustee to make interest payments to Holders of subordinated notes before Holders of Class A notes, like Morgan Stanley, have been paid in full.

**B. Procedural Background**

On or about October 9, 2012, Petitioner U.S. Bank filed a Petition for Instruction in the Administration of Trust Pursuant to Minn. Stat. § 510B.16 in

the State of Minnesota, Second Judicial District, District Court, Court of Ramsey County.  The Trustee sought instruction from the Minnesota State Court approving its interpretation of the Indenture.  (Luger Decl., Ex. E.)  The Trustee sought an Order:

> (i) approving and ratifying the Trustee's determination that the Trustee is obligated to rescind the Declaration of Acceleration and all of its consequences; (ii) approving and ratifying the Trustee's determination that the subordination provisions [ ] do not currently apply to prohibit a distribution by the Trustee in accordance with the Non-Accelerated Priority of Payment [ ]; and (iii) approving payment from the Trust of any fees and expenses incurred by the Trustee in connection with this Petition, notwithstanding any limitations on such payment set forth in this Indenture.

(Id.)

The Petition was filed pursuant to the Minnesota State Statutory Trust Instruction Proceedings ("TIPs").  Id.; see also Minn. Stat. § 510B.16-.25.  On October 10, 2012, the Minnesota State Court ordered a December 17, 2012 hearing on the Petitions and provided that parties in interest may object to the Petition by filing a memorandum of law five days before the hearing.  (Luger Decl., Ex. E.)

On November 1, 2012, Party In Interest Morgan Stanley removed the case to this Court based on diversity jurisdiction and federal question jurisdiction under the Edge Act, 12 U.S.C. § 632.  On November 12, 2012, Morgan Stanley

filed a motion to transfer venue to the Southern District of New York.  [Docket No. 9]

There is no evidence in the record that the issuers in the JER Trusteeship case responded to Trustee U.S. Bank's Petition.

## III.   DISCUSSION

### A.   Motion to Transfer

#### 1.   Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997).  When considering a motion to transfer, the Court must consider three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  Id. at 691.  However, "such determinations require a case-by-case evaluation of the particular circumstances at hand."  Id.

In determining whether transfer is appropriate, the Court is not limited to the 1404(a) factors. Instead, the Court can consider a number of factors, including a valid and applicable forum selection clause. Terra Int'l Inc., 119 F.3d 688. "The determination of whether to transfer venue "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

### 2. Convenience of the Parties and the Witnesses

When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Terra Int'l, Inc., 119 F.3d at 696.

#### a. Convenience of the Parties

"When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience . . ." In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the parties

is comparable, "the tie is awarded to the plaintiff." Id.

Here, Trustee U.S. Bank maintains that it will be inconvenienced by travelling to New York because its trust department resides in Minnesota. In contrast, Morgan Stanley reasons that the real party in interest – itself – resides in New York and not Minnesota, and therefore it would be inconvenienced by travelling to Minnesota. Morgan Stanley maintains that U.S. Bank has no independent stake in the action and notes that no other Noteholders have appeared in the action to date.

The Court acknowledges the potential inconvenience to Trustee U.S. Bank if the case is transferred, however, the Court finds that the convenience of the parties factor weighs in favor of transfer to the Southern District of New York. The Indenture at issue includes a forum selection clause whereby the parties agreed to waive any argument that the Southern District of New York is an inconvenient forum. The Indenture states in part:

> Section 14.11 SUBMISSION TO JURISDICTION. THE CO-ISSUERS AND THE TRUSTEE HEREBY IRREVOCABLY SUBMIT TO THE NON-EXCLUSIVE JURISDICTION OF ANY FEDERAL OR NEW YORK STATE COURT SITTING IN THE BOROUGH OF MANHATTAN IN THE CITY OF NEW YORK IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE NOTES OR THIS INDENTURE, AND THE CO-ISSUERS AND THE TRUSTEE HEREBY IRREVOCABLY AGREE THAT ALL CLAIMS

> IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN SUCH FEDERAL OR NEW YORK STATE COURT.  <u>THE CO-ISSUERS AND THE TRUSTEE HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT THAT THEY MAY LEGALLY DO SO, THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF SUCH ACTION OR PROCEEDING</u>.

(Luger Decl., Ex. B at 144-145 (emphasis added).)  The Court finds that U.S. Bank, as successor Trustee, waived any argument that the Southern District of New York is an inconvenient forum.  See, e.g., iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1082 (8th Cir. 2005) (per curiam) (because contract stated that parties waived any objection to litigate in Missouri state court, party was "unambiguously prohibited . . . from objecting to venue" there); Drapeau v. Airpax Holdings, Inc. Severance Plan, No. 11-cv-64 (DWF/JSM), 2011 WL 3477082, at *4 (D. Minn. Aug. 9, 2011) (where parties agreed to forum selection clause and waived any objection to laying venue in Illinois, court determined that "the interests of justice [would] be served by honoring the forum selection clause" and transferred the case to the Northern District of Illinois); Lyon Fin. Servs., Inc. v. Walls, No. 10-cv-3788 (RHK/AJB), 2011 WL 117239, at *2 (D. Minn. Jan. 13, 2011) (finding it "difficult to accept Defendants' contention that litigating [in forum] would be grossly inconvenient when they . . . expressly waived the

9

defense of inconvenient forum" in forum selection clause).  Therefore, this factor strongly weighs in favor of transfer.

### b. Convenience of the Witnesses

The convenience of the witnesses also weighs in favor of transfer.  In the record before the Court, the parties have not identified a specific witness that resides in Minnesota.  Although Trustee U.S. Bank's trust department is located in Minnesota, the record shows that U.S. Bank directed Noteholders to submit inquiries regarding the distributions under the Indenture in writing to a trust officer located in Illinois.  (Luger Decl., Exs. D and E.)  The Co-Issuers' employees and legal counsel are located in various states other than Minnesota, including New York.  (Luger Decl., Ex. A.)  Likewise, the four banks that managed the issuance of the notes are located in New York.  Finally, Morgan Stanley maintains that its employees who were involved in the transaction are based in New York.  Thus, as there is no identified witness located in Minnesota, this factor weighs in favor of transfer.

### c. Accessibility of the Records

The accessibility of the records is a neutral factor.  The parties have not provided the Court with information regarding the location of the records at

issue. There is no evidence, however, that any records are located in Minnesota.

### d. Minnesota Connection

The location where the relevant conduct occurred factor weighs strongly in favor of transfer. Although U.S. Bank filed its initial Petition for Instruction in the Administration of Trust in the State of Minnesota, there is no other connection to Minnesota. The record indicates that the negotiation and drafting of the Indenture was completed in New York. Additionally, all identified potential witnesses are located outside of the State of Minnesota.

### 3. Interests of Justice

When analyzing the interests of justice, courts typically consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra Int'l, Inc., 119 F.3d at 696.

### a. Judicial Economy

The judicial economy factor weighs slightly in favor of transfer. Other than reviewing the submissions and holding oral argument for the present

motion, this Court has not yet invested resources in this case.  Transfer would not entail duplication because the case is at a very early stage.  Party In Interest Morgan Stanley has not responded to Trustee U.S. Bank's petition and the parties have not even conducted the pretrial scheduling conference before the Magistrate Judge.  Both courts are equipped to handle this case.

### b. The Plaintiff's Choice of Forum

Although Trustee U.S. Bank's corporate trust headquarters are located in Minnesota, the Court does not give its choice of forum significant weight.  U.S. Bank waived any objection to venue in New York when it became the successor trustee to the Indenture containing a forum selection clause.  Additionally, a plaintiff's choice of forum is afforded "significantly less deference" when the underlying events giving rise to the litigation did not occur in the forum.  See Nelson v. Soo Line R.R., 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999).  The record indicates that none of the underlying events occurred in Minnesota.

### c. The Comparative Costs to the Parties of Litigating in Each Forum

This factor is neutral.  There is no evidence before the Court that demonstrates that cost would prevent either party from litigating in either forum.

        **d.     Ability to Enforce a Judgment, Obstacles to a Fair Trial, and Conflict of Law Issues**

These factors are neutral. There does not appear to be an issue with any of these factors.

        **e.     The Advantages of Having a Local Court Determine Questions of Local Law**

This factor weighs in favor of transfer. The Indenture at issue includes a choice of law provision whereby the parties agreed that New York law governs. The Indenture states in part:

> Section 14.10 <u>GOVERNING LAW</u>. THIS INDENTURE AND EACH NOTE SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED THEREIN WITHOUT REGARD TO THE CONFLICT OF LAWS PRINCIPLES THEREOF.

(Luger Decl., Ex. B at 144.) The record before the Court indicates that the underlying dispute centers on the interpretation of the Indenture. Trustee U.S. Bank's petition states several times that it filed the underlying petition in order to obtain a court order approving its interpretation of the Indenture and the actions it proposes to take based on that interpretation. (Luger Decl., Ex. E, Petition at ¶¶ 11, 17-18.) Therefore, the Court concludes that New York law would apply.

The Court acknowledges that Trustee U.S. Bank filed its petition under Minnesota Statute § 501B.16.  U.S. Bank argues that the Minnesota State Court's familiarity with this statute renders transfer improper.  U.S. Bank maintains that the statute provides unique procedural rules regarding notice and opportunity to be heard.  U.S. Bank has not identified any unique procedural rules or protections offered by the Minnesota statute that are not provided by the Federal Rules of Civil Procedure.

Further, U.S. Bank raised a similar argument in another case before the District of Minnesota, and the Court in that case rejected the argument and granted the motion to transfer.  See In re Trusteeship Created by Alaska Indus. Dev. & Expert Auth., Civil No. 10-2996 (DSD/JJG), 2010 WL 4811899, at *4 (D. Minn. Nov. 19, 2010) (Minnesota Statute § 501B.16 "is not so difficult or unclear as to render the District of Minnesota uniquely qualified to interpret it.  Moreover, the federal court in Minnesota has no particular expertise in applying the state law at issue in this case. . . . Therefore, this factor is neutral.").  The Court concludes that this is not sufficient to warrant denying the motion to transfer.

    B.    **Motion to Strike**

Morgan Stanley moves to strike U.S. Bank's response to Morgan Stanley's motion to transfer venue.  [Docket No. 25]  Morgan Stanley argues that U.S. Bank's response should be stricken from the record because the response addresses only the facts in a different, but related case currently before the Court: <u>In the Matter of the Trusteeship Created by LNR IV, Ltd. and LNR CDO IV, Corporation, Relating to the Issuance of Notes In the Original Aggregate Principal Amount of $1,279,038,000</u>, Civil No. 12-2789 (MJD/JSM) (D. Minn.) (the "LNR Trusteeship case").  In the LNR Trusteeship case, U.S. Bank, as successor trustee, seeks to obtain a court order approving its interpretation of a similar Indenture and the actions it proposes to take based on that interpretation.  Morgan Stanley moved to transfer the present case and the LNR Trusteeship case to the Southern District of New York.  U.S. Bank filed an identical response in the current case and the LNR Trusteeship case.

Morgan Stanley also argues that U.S. Bank's response should be stricken from the record in the current case because it seeks to remand the current case to the state court even though no party has filed a motion to remand in this action.  The only motion to remand is pending in the LNR Trusteeship case.

The Court denies Morgan Stanley's motion to strike because U.S. Bank's

response addresses, in part, the current case.  The Court notes, however, that there is no motion to remand pending in the current case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Morgan Stanley's Motion to Transfer Venue [Docket No. 9] is **GRANTED**.

2. Morgan Stanley's Motion to Strike the Trustee's Memorandum, Docket Entry #20 [Docket No. 25] is **DENIED.**

3. This matter is transferred to the United States District Court for the Southern District of New York.

Dated:   April 3, 2013                         s/Michael J. Davis
                                               Michael J. Davis
                                               Chief Judge
                                               United States District Court